# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ARMANDO CARAVEO-GALINDO,<br>aka Armand Carabeo Galindo<br><br>　　　　Defendant. | No.  CR 04-01728-TUC-CKJ [CRP]<br><br>REPORT and RECOMMENDATION |

Defendant filed, *pro se*, a Motion For Dismissal of Indictment. While the motion was unsigned, at a status conference Defendant clearly indicated he wanted to have the legal issue raised and the motion to dismiss pursued. On that basis, the Court set the matter for evidentiary hearing and argument, which was conducted on October 3, 2005.

The motion attacks the new reinstatement of removal practice authorized by the Attorney General wherein a reinstatement order issues without the alien ever being brought before an immigration judge. 8 C.F.R. 241.8. At the hearing, defense counsel raised a new issue, that the reinstatement of the prior deportation was invalid because Defendant had never previously been deported. For the reasons set forth in this report, the Court recommends that the District Judge, after her independent review and consideration, **DENY** the Motion For Dismissal of Indictment. (Docket 27)

**FACTS**

Defendant was arrested by Border Patrol Agents on July 26, 2004, and charged with illegal re-entry after deportation. On August 25, 2004, Defendant was indicted for illegal re-entry after deportation. The indictment alleges the Defendant was previously removed on

1  March 18, 2003, through Nogales, but, thereafter, was found in Tucson on July 26, 2004.

2  Defendant was the only witness at the evidentiary hearing. Defendant testified that
3  he came to the United States in the mid-1980's on a work visa. In the late 1980's, he applied
4  for amnesty. Defendant apparently did not follow through with that application.

5  On September 13, 1994, Defendant appeared before Immigration Judge John Zastrow.
6  At the conclusion of the hearing, Judge Zastrow denied Defendant's application for
7  suspension of deportation and Defendant reserved his appeal rights. The application for
8  voluntary departure was granted and Defendant was given a year to voluntarily depart "with
9  an alternate Order of Deportation to Mexico." (Exhibit 1)

10  Defendant testified that one month after being notified he had a year to voluntarily
11  return, he returned to Mexico without checking with immigration officials. Defendant denies
12  receiving written instructions from INS concerning how he was to voluntarily depart,
13  including the requirement that he present himself to immigration officials for voluntary
14  departure.

15  Defendant testified that he returned to the United States in 1996, where in short order,
16  he was convicted of a felony unrelated to immigration status. While in prison, Defendant
17  was processed for removal by INS officials, without appearing before an immigration judge,
18  on October 27, 1998, and Defendant's departure to Mexico through Nogales, Arizona, was
19  witnessed by immigration officers that day. (Exhibit 4) Defendant described this removal
20  as a "voluntary deportation."

21  Defendant testified that he reentered the United States in 2002. Defendant was
22  apprehended in 2002, and immigration officers decided to reinstate the prior deportation
23  order dated October 27, 1998. Apparently, at that time, Defendant told Special Agent Ellis
24  that he last entered the United States in March 1999, near San Ysidro, California. (Exhibit
25  2) At that time, Defendant indicated he wanted to contest the removal determination. In an
26  order dated January 29, 2003, Defendant was determined by the INS official to be subject
27  to removal, based on reinstatement of the October 27, 1998 order. (Exhibit 2)

28  In connection with this case, Defendant was apprehended by Border Patrol agents near

1  Nogales, Arizona, on July 26, 2004.  That same day, Defendant was served with a Notice of
2  Intent/Decision To Reinstate Prior Order. (Exhibit 3).  At that time, Defendant declined to
3  make a statement contesting that he was removed on October 27, 1998, pursuant to an order
4  of deportation/exclusion/removal.  The reinstatement of the removal order presumably will
5  take place without appearance before an immigration judge after Defendant is released from
6  custody in this case.

7  **ANALYSIS**

8  **ORAL MOTION TO DISMISS - NO PRIOR DEPORTATION ORDER TO REINSTATE**.

9  At the time of hearing, defense counsel argued that there is no prior order of
10 deportation to reinstate.  Central to this argument is Defendant's factual assertion that he
11 voluntarily departed within one year after the September 13, 1994, hearing.  That factual
12 assertion is contested by the Government.  While this Court found Defendant's testimony not
13 to be credible, the factual dispute is for the jury to determine.

14 Moreover, the factual distinction Defendant attempts to raise has no legal impact.
15 Defendant asserts he voluntarily departed pursuant to his request to the immigration judge
16 for permission to do so.  Defendant argues that because he left voluntarily and within the
17 allowed time, the alternate order of deportation never took effect.  Therefore, Defendant
18 argues, there was no order of deportation to reinstate.  The statute in issue provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed <u>or having departed voluntarily</u>, under an order of removal, the prior order of removal is reinstated from its original date, and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

23 8 U.S.C. § 1231(a)(5) (emphasis added).  The Defendant admits he voluntarily departed
24 while he was subject to alternate order of deportation.  The plain language of the statute
25 allows the reinstatement of the September 13, 1994, Order of the Immigration Judge.
26 Therefore, the argument raised by defense counsel at the time of the hearing does not provide
27 legal grounds for dismissal of the indictment.
28 .. . . . . . . .

1  **WRITTEN MOTION TO DISMISS - THE *ULTRA VIRES* REGULATION.**

2  Defendant's *pro se* written motion challenges the validity of administrative officials reinstating the prior removal order without allowing him to appear before an immigration judge. The administrative regulations provide that in the case of reinstatement of a prior removal order, the "alien has no right to a hearing before an immigration judge." 8 C.F.R. § 241.8(a). Defendant argues that the Attorney General was without authority to enact that provision since it conflicts with the statutory requirement that:

> "An immigration judge shall conduct proceedings for deciding the inadmissability or deportability of an alien."

8 U.S.C. § 1229a(a)(1).

Defendant did not cite the case of *Morales-Izquierdo v. Ashcroft*, Ninth Circuit Case No. 03-70674, but the issue he presents is identical to the issue presented to the Court of Appeals in that case. The original panel decision in *Morales-Izquierdo* has been withdrawn by order of the court. *Morales-Izquierdo v. Gonzales*, __ F.3d __, 2005 WL 2233278 (9th Cir. 2005). Therefore, there is presently no Ninth Circuit authority on this issue.[1]

The Government argues as follows:

> "Section 241(a)(5) of the Act, is not much different than its former section 242(f). The difference is in the implementing regulations. The current regulation, 8 C.F.R. § 241.8 eliminates the requirement that the alien proceed before an immigration judge. The purpose was to avoid unnecessary delays through the immigration courts."

( Response, p.2, line 26 - p.3, line 2.) This explains what the regulation accomplishes and why the agency wished to have the regulation enacted. This argument does not respond to

---

[1] The Government argued that the *Morales-Izquierdo* case was decided in an administrative context and should not be applied in a criminal proceeding because of the differing burdens of proof and standards of review. Response, p.2, ll.10-15. This Court disagrees. The Ninth Circuit has accepted *en banc* review in *Morales-Izquierdo*, ___ F.3d ___, 2005, WL 2233278 (9th Cir. 2005). The issue presented is a purely legal one. Differing burdens of proof are of no moment. If the Ninth Circuit determines that there is no statutory authority to support 8 C.F.R. § 241.8(a), then the lawful prior removal element of a prosecution under 8 U.S.C. § 1326 cannot be proven based on a reinstatement of removal procedure that excluded involvement of an immigration law judge.

1  the contention that 8 C.F.R. § 241.8(a) is in conflict with 8 U.S.C. § 1229a(a), and thus, *ultra vires* and invalid. The Government goes on to argue that Defendant's argument fails because he cannot show prejudice, a plausible ground for relief. (Response, p.3)

Defendant does argue that his due process rights were violated. (Motion, p.1) When a collateral attack to the underlying deportation is made on due process grounds, the defendant must show prejudice to succeed in defeating that element of the prosecution. *United States v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992). The cases requiring a showing of prejudice deal with classic due process deprivations. See, e.g., *United States v. Mendoza-Lopez*, 481 U.S. 828, 107 S.Ct. 2148 (1987) (waiver of appeal must be knowing and intelligent); *United States v. Calle-Pineda*, 627 F.2d 976 (9th Cir. 1980); and *United States v. Nicholas-Armenta*, 763 F.2d 1089 (9th Cir. 1985) (Appellants assert that mass deportation hearing violated due process); *Colindres-Aguilar v. Immigration and Naturalization Service*, 819 F.2d 259 (9th Cir. 1987) (denial of right to representation violated due process).

In this case, a due process argument could be made. Defendant could argue that if the enactment of 8 C.F.R. § 241.8(a) was a lawful exercise of authority granted by statute, it still violates his Fifth Amendment due process right to a fair hearing, which arguably would be a hearing before a neutral fact-finder. It is difficult to find that argument in Defendant's motion. If that argument was made in this case, it would fail because Defendant has not and cannot provide a plausible claim for relief, a showing of prejudice, had his reinstatement of removal hearing proceeded before an immigration judge.

Defendant does not argue a due process violation. Rather, he argues that the Attorney General acted *ultra vires* in eliminating the alien's right to appear before an immigration judge before removal. Defendant's position is that the administrative reinstatement of removal alleged in the indictment is a legal nullity. *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 884 (9th Cir. 2003); *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 941 (9th Cir. 2004). If so, the Government cannot prove a lawful order of removal on March 18, 2003, and thus, an element of the charge cannot be established. The issue is not whether the proceeding was

1 fair, but whether there was any legal basis. Therefore, prejudice to the alien is not a relevant
2 inquiry.

3 The key issue presented by Defendant's motion is whether there is statutory
4 authorization for 8 C.F.R. § 241.8(a), which eliminates the hearing before an immigration
5 judge when reinstating an order of removal. Defendant's argument is that an order reinstating
6 a prior order of removal is itself a final order of removal. Defendant argues that Congress
7 reserved the authority to enter such an order exclusively to immigration judges in § 240(a)
8 of the Act. 8 U.S.C. § 1229a(a). Defendant presents a very close question that has been the
9 subject of minimal briefing in this case. The question is a close one because it is undeniable
10 that under the old reinstatement of removal proceedings, I.N.A. § 242(f), the alien was
11 entitled to appear before an immigration judge. As the Government concedes, former I.N.A.
12 § 242(f) is very similar to the current provision, I.N.A. § 241(a)(5), 8 U.S.C. § 1231(a)(5).
13 The Court must determine what statutory changes, if any, support this dramatic change in
14 regulatory procedure.

15 Comparing the old and the new reinstatement of removal statutes, there are three
16 significant differences that justify the implementation of the streamlined regulatory
17 procedure for administrative removal without an appearance before an immigration law
18 judge. *Dinnal v. Gonzalez*, 421 F.3d 247, 253 (3rd Cir. 2005). First current I.N.A. §
19 241(a)(5) applies to all prior removal or deportation orders. I.N.A. § 242(f) only applied to
20 aliens deported for specific reasons, such as their status as aggravated felons. Thus, under
21 the old procedure, reinstatement of removal could only be processed in a small percentage
22 of the illegal re-entry cases. The other two changes are related. I.N.A. § 241(a)(5) prohibits
23 reopening or review of the prior removal order, and also prohibits any applications for relief.
24 *Id.* These changes significantly impact the volume of cases for which summary reinstatement
25 is appropriate as well as the routine nature of the only determination necessary to support
26 entry of an order reinstating removal.

27 The Supreme Court has established a two-step test to determine if any agency
28 interpretation of a statute is lawful. *Chevron USA, Inc. v. Natural Resources Defense*, 467

1 U.S. 837, 842-43, 104 S.C. 2781-82 (1984). First, if the intent of Congress is clear and
2 unambiguous in the statute, the inquiry is at an end. *Id.* If the statute is ambiguous, then
3 substantial deference should be given the agency's construction, as long as that interpretation
4 is reasonable. *Id.* at 843-45.

5 The circuit courts that have reviewed this issue have all decided that 8 C.F.R. § 241.8
6 is a legitimate interpretation of I.N.A. § 241(a)(5) by the agency. The Eighth Circuit, without
7 analysis, determined that 8 C.F.R. § 241.8 was "clearly a permissible interpretation of the
8 statute that is entitled to substantial judicial deference." *Alvarez-Portillo v. Ashcroft*, 280
9 F.3d 858, 866 (8th Cir. 2002). The First Circuit, after extensive analysis, came to the same
10 conclusion. *Lattab v. Ashcroft*, 384 F.3d 8 (1st Cir. 2004). In *Lattab*, the court first
11 concluded that the statute itself, I.N.A. § 241(a)(5), was not clear concerning whether a
12 hearing before an immigration officer was required. This lack of clarity was emphasized by
13 two provisions in the new legislation, 8 U.S.C. § 1225(a)(2) and (b)(1)(i), that did explicitly
14 provide for no further hearing or review before an immigration judge. *Lattab*, 384 F.3d at
15 19.

16 Having determined that the statute was ambiguous, the court in Lattab went on to
17 address the second step of the *Chevron* test. *Lattab*, 384 F.3d at 19-20. The court found the
18 agency's interpretation of 8 U.S.C. § 1231(a)(5) in 8 C.F.R., § 241.8 to be reasonable,
19 particularly in light of the original order or new claims for relief. *Id.*

20 This Court agrees with the analysis in *Lattab*. Given the three significant differences
21 between old I.N.A. § 242(f) and new I.N.A. § 241(a)(5), the new procedure for reinstatement
22 of removal is a reasonable interpretation of the new statute. For this reason, this Court
23 recommends that the Motion To Dismiss be **DENIED**.

24 **CONCLUSION**

25 This Court recommends that the Court **DENY** Defendant's Motion To Dismiss The
26 Indictment. The oral motion made at the hearing relies on a faulty legal premise. The prior
27 voluntary departure in lieu of departure can be reinstated under the clear language of 8
28 U.S.C. § 1231(a)(5). Alternatively, this argument presents a fact issue which must be

resolved by a jury. Concerning the argument that the procedural regulation is *ultra vires*, while the statute is ambiguous, the streamlined procedure is a reasonable interpretation of the significant changes to the reinstatement of removal statute. Therefore, the motion should be denied.

**IT IS, THEREFORE, THE RECOMMENDATION OF THIS COURT that:**

1. The oral motion to dismiss indictment presented at the hearing be **DENIED** for lack of legal or factual basis; and

2. The written Motion To Dismiss the Indictment (Docket 27) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 04-01728-TUC-CKJ.

DATED this 13th day of October, 2005.

*/s/ Charles R. Pyle*

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**

CKJ
CRP
Daniel J. Santander, Esq.
Ronald R. Reyna, Esq.